CHICAGO GREAT WESTERN R. CO. v. HULBERT.

(Circuit Court of Appeals, Eighth Circuit. April 21, 1913.)

No. 3,788.

1. PARTIES (§ 27*)—JOINT TORT-FEASORS—ELECTION TO SUE.

Where plaintiff, a pedestrian, was injured by the violent breaking, by some passenger cars negligently managed by defendant railroad company, of an electric light wire carelessly permitted by the electric light company to hang low across the railroad track, it was optional with plaintiff to sue either or both companies, jointly or severally; they having no voice in determining such question.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 35; Dec. Dig. § 27.*]

2. REMOVAL OF CAUSES (§ 107*)—SEPARABLE CONTROVERSY—JURISDICTION.

Plaintiff, a pedestrian, was injured by the separate negligence of defendants railroad company and electric light company. The plaintiff and the light company were citizens of Iowa, but the railroad company was a citizen of Illinois. Defendant railroad company, claiming there was a separable controversy between it and plaintiff, removed the cause to the federal court, where plaintiff's motion to remand was sustained as to the electric light company, but denied as to the railroad company, whereupon the trial proceeded to judgment as against the railroad company in the federal court without objection as to its jurisdiction. Held, that since the latter had no right to have the cause against it tried with that against the light company, but the choice belonging exclusively to plaintiff, the court had jurisdiction of the railroad company and properly proceeded with the trial.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

3. RECEIVERS (§ 174*)—APPOINTMENT BY FEDERAL COURT—LEAVE TO SUE.

Under Judiciary Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), authorizing suit against receivers appointed by federal courts without leave, a plaintiff having a claim against receivers of a

railroad company appointed by a federal court is not required to apply to the court appointing the receivers for leave to sue nor for the designation of a tribunal for the establishment of his claim against them.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. § 174.*]

4. COURTS (§ 522*)—DIFFERENT UNITED STATES COURTS—SCOPE OF PRIOR PROCEEDING.

Plaintiff was injured by the negligence of receivers, appointed by a federal court, in operating a railroad, but before the action was begun the receivers had been discharged and the railroad sold to a purchaser under a decree making it responsible for costs and expenses of the suit and receivership and liabilities of the receivers incurred in the operation of the property, which were established or unquestioned, and any disputed claims when allowed by the master without objection or by the court. *Held* that, though plaintiff's claim was questioned, it was not denied that it belonged to a class assumed, and he was not required to establish the same in the court having jurisdiction of the receivership case or before its master in chancery, but was entitled to sue the purchaser at law in a forum of plaintiff's own selection.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1444; Dec. Dig. § 522.*]

5. ELECTRICITY (§ 17*)—INJURIES TO PERSONS—OBSTRUCTION OVER TRACK—ELECTRIC LIGHT WIRE.

An electric light company, having previously permitted a wire over defendant's railroad track to sag so that it might come in contact with cars, the railroad company's employés negligently shoved some cars across the public street against the wire which, by the exercise of ordinary care, they should have known was in dangerous proximity to the track and likely to catch on the cars. They allowed the cars to continue after collision with the wire until it was broken and violently thrown against plaintiff, who was in the street and was injured thereby. *Held*, that since the negligence of the electric light company did not first occur at the happening of the accident, but had caused the condition which was dangerous only in connection with the operation of the railroad, it was the duty of the railroad company to exercise reasonable care to observe and guard against the obstruction over its track, collision with which might naturally cause injury to persons on the highway, and it was therefore chargeable with actionable negligence.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 17.*]

In Error to the District Court of the United States for the Northern District of Iowa; Henry Thomas Reed, Judge.

Action by William Hulbert against the Chicago Great Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Donald Evans, of Des Moines, Iowa (George H. Carr and Fred P. Carr, both of Des Moines, Iowa, on the brief), for plaintiff in error.

T. J. Fitzpatrick, of Dubuque, Iowa (J. P. Frantzen, of Dubuque, Iowa, on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. This was an action by Hulbert, a pedestrian on a public street, for personal injuries resulting from the violent breaking, by some passenger cars negligently managed, of a wire care-

lessly allowed by an electric light company to hang low across the railroad track. The action was begun in a state court of Iowa against both the railroad company and the electric light company. The plaintiff and the electric light company were citizens of that state; the railroad company was a citizen of Illinois. The railroad company, claiming there was a separable controversy between it and the plaintiff, removed the cause to the federal court. Plaintiff then moved to remand. The motion was sustained as to the electric light company, but denied as to the railroad company. A trial of the issues between the plaintiff and the railroad company resulted in a verdict and judgment for the former, and this writ of error followed.

[1, 2] It is contended by the railroad company, whom for convenience we will hereafter call the "defendant," that the trial court lost jurisdiction when it remanded the case as to its codefendant, the electric light company. No exception was taken to the action of the trial court and no objection or complaint was made at any time by either plaintiff or defendant. They proceeded to trial, verdict, and judgment, without a suggestion of want of jurisdiction. Nor does the defendant refer to it in its assignment of errors. The question is raised for the first time in the briefs. It was optional with the plaintiff to sue either or both companies, jointly or severally; and defendant had no voice in determining his choice. He sued both, and at the instance of the defendant the cause was removed to the federal court on a ground that may be debatable. When it went there the plaintiff could have dismissed it as to the electric light company, leaving the railroad company sole defendant, but instead of doing so he effected the severance in another way. The defendant had no right to have the cause of action against it tried with that against the electric light company. The choice belonged exclusively to plaintiff. The defendant secured the jurisdiction it sought and at no time objected to it; and, whatever may be said about the regularity of the removal by defendant, the fundamental grounds of the jurisdiction it invoked were present after the electric light company had gone, namely: the requisite diversity of the citizenship of plaintiff and defendant and the amount in controversy. We think the trial court had jurisdiction under the circumstances.

When the accident occurred the railroad was in the possession of and being operated by receivers appointed by a federal court, but before the action was begun the receivers had been discharged and the railroad had been purchased by defendant under a decree making it responsible for the costs and expenses of the suit and receivership, the indebtedness and liabilities of the receivers incurred on account of and in the operation of the property, and other claims which need not be mentioned here. The decree provided that the purchaser should pay those of the two classes above mentioned, "which are established or unquestioned, and any disputed claims when allowed by the master without objection or by the court." It is now contended that the trial court did not have jurisdiction of the plaintiff's action, but that his claim for damages, being questioned and not established, should have been presented to the court in the receivership case or to its master in chancery.

[3] We do not think the contention is well founded. Had the receivers not been discharged, the plaintiff might under section 3 of the Judiciary Act of Aug. 13, 1888, c. 866, 25 Stat. 436 (U. S. Comp. St. 1901, p. 582), have sued them in any court of competent jurisdiction without the leave of the court which appointed them. He was not required to apply to that court for leave to sue or for the designation of a tribunal for the establishment of his claim against the receivers. Eddy v. Lafayette, 163 U. S. 456, 16 Sup. Ct. 1082, 41 L. Ed. 225; Gableman v. Railway, 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220.

[4] There would seem to be no reason why a court powerless to control the forum for actions to establish demands of the kind described against its own receivers should, having discharged them, seek to do so for a purchaser who does not contest its assumption of their liability. It is to be observed that there is no contention here that plaintiff's claim is not of a class specified in the decree, or that if the receivers were liable the defendant was not equally so. The controversy was solely whether the injury to plaintiff was caused by the negligence of the receivers in operating the railroad, and, if so, the extent of his damage. Doubtless the plaintiff might have applied to the court which appointed the receivers, but under the circumstances we have recited he was not required to do so. See Hanlon v. Smith (C. C.) 175 Fed. 192.

[5] The several specifications of negligence in the petition are in substance that the railroad employés carelessly shoved or kicked some cars across a public street against a loose electric light wire which they knew, or by the exercise of ordinary care should have known, was in dangerous proximity to the railroad track and likely to catch on the cars, and that they allowed the cars to continue after collision with the wire and until it was broken and violently thrown against the plaintiff. This is a statement of a good cause of action, and there was substantial evidence to support it. It is argued that the defendant was erroneously held for a failure to anticipate the negligence of a third party; that is to say, the negligence of the electric light company in allowing its wire to sag. But that does not accurately describe the situation. The negligence of the electric light company did not first occur at the happening of the accident. It was before, and resulted in a condition which might have been and was in fact seen, and which was dangerous not by itself alone but in connection with the operation of the railroad. It was the duty of those operating the railroad across the public street to exercise reasonable care to observe and guard against obstructions to the passage of the cars, a collision with which might naturally cause injury to persons on the highway. It is unimportant whether the obstruction was on the track, at the side of it, or above it.

Parts of the charge to the jury are criticised, but we think the charge was right when taken as a whole in connection with the issues and the evidence. The court did not, as is assumed, submit to the jury the bare question whether it was negligence to sever the cars from the engine, give them a shove or kick, and allow them to run across the street by their own momentum. That was done by the employés, but

it was to be considered by the jury in connection with the other circumstances told by the witnesses: The low hanging wire, the knowledge of the switch foreman on the front end of the cars, the contact with the wire, that it scraped the top of the first car and was caught and broken by a projection from the roof of the second, and that no effort was made to stop the cars while this was going on.

The judgment is affirmed.