AMERICAN BRAKE SHOE & FOUNDRY CO. v. PERE MARQUETTE R. CO.
Petition of PERE MARQUETTE RY. COMPANY.

(District Court, E. D. Michigan, S. D.    February 23, 1920.)

No. 5467.

1. COURTS ⬦�longdash501—ACTION AGAINST PURCHASER OF RAILROAD PROPERTY ON CLAIM AGAINST FEDERAL RECEIVER IS PROPERLY BROUGHT IN STATE COURT.

Under Judicial Code, § 66 (Comp. St. § 1048), authorizing suits against receivers without leave of court, an action against one purchasing property of a railroad company at foreclosure sale, under a decree requiring it to assume the liabilities of the receiver appointed in the foreclosure suit, is properly brought in a state court.

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2.** COURTS ⬡⟳501—STATUTORY JURISDICTION OF FEDERAL COURTS OVER SUITS ON CLAIMS AGAINST RECEIVERS REFERS ONLY TO MODE OF COLLECTION.

The provision of Judicial Code, § 66 (Comp. St. § 1048), that suits against receivers therein authorized shall be subject to the general jurisdiction of the court appointing the receiver does not limit the preceding clause, authorizing suits against the receivers, but merely reserves to the court appointing a receiver jurisdiction over the mode of enforcing collection of the claim when judicially liquidated, so far as necessary to protect the property and adjust the equities of all claimants.

In Equity. Receivership suit by the American Brake Shoe & Foundry Company against the Pere Marquette Railroad Company. Hearing on intervening petition of the Pere Marquette Railway Company against Frank Koscnicki. Petition denied.

See, also, 223 Fed. 1018.

Shields, Merriam & Sleeper, of Detroit, Mich., for petitioner.
Smurthwaite & Campbell, of Manistee, Mich., for respondent.

TUTTLE, District Judge. This is an intervening petition filed herein by the Pere Marquette Railway Company, the purchaser of all of the assets of the Pere Marquette Railroad Company and of the receivers of the latter company, under the foreclosure sale herein held pursuant to the terms of the decree of sale made and entered January 29, 1917. By the terms of that decree the purchaser at the sale therein ordered was required, as part of the consideration for the property purchased, and in addition to the sums bid by such puchaser, and elsewhere in the decree required to be paid by it, to take such property and receive the instruments of conveyance thereof upon the express condition that said purchaser should pay and discharge any indebtedness, obligations, or liabilities contracted or incurred by said receivers in the management or operation of said property by them between the date of their appointment and the date of the delivery by them of possession of such property to said purchaser. This court reserved, by the terms of that decree, jurisdiction to enforce the performance by such purchaser of the obligations thus assumed by the latter.

On March 15, 1917, the property mentioned was sold, pursuant to the provisions of said decree, to the petitioner herein, which thereafter, in April, 1917, took possession thereof and agreed to assume and pay the aforesaid obligations. On June 14, 1917, an order was entered herein discharging said receivers, but expressly reserving to this court jurisdiction to require—

"the satisfaction and payment of all valid claims against the receivers, * * * and for all other purposes referred to in the final foreclosure decree in this cause entered on the 29th day of January, 1917."

On June 6, 1917, the respondent herein, Frank Koscnicki, commenced an action of trespass on the case by declaration against the petitioner herein, Pere Marquette Railway Company, the purchaser aforesaid, in the circuit court for the county of Manistee, Mich., one of the courts of record of that state, seeking to recover damages alleged to have been sustained by him from personal injuries caused by the negligence of

servants of the aforesaid receivers on February 22, 1917, while operating a train on the railroad then under the control of said receivers and subsequently sold to the petitioner herein as aforesaid.

On June 14, 1917, petitioner filed in said action in the state court its plea of the general issue, together with a notice, in accordance with the practice in such court, in the nature of a plea to the jurisdiction, setting forth that said court was without jurisdiction to try the cause of action alleged in the declaration, for the reason that such declaration stated a cause of action against the receivers of the aforesaid railroad, and that under the decree of the federal court appointing said receivers said court reserved jurisdiction to determine the validity of claims such as that set up by said declaration, and that the proper remedy of claimant therein was by application to said federal court.

The defense raised by this notice was argued before the state court and overruled, and the parties thereupon proceeded to a trial in the state court on the declaration and plea filed therein. At the conclusion of the testimony, the trial court directed a verdict in favor of the defendant on the ground that there was not sufficient evidence to warrant the submission of the question of negligence to the jury. On appeal to the Michigan Supreme Court (Koscnicki v. Pere Marquette R. Co., 205 Mich. 387, 171 N. W. 354) the judgment on said verdict was reversed and a new trial ordered. Thereafter the case was again tried in the same state circuit court, resulting in a disagreement of the jury. The case is now pending in said court awaiting another trial.

While said case is thus pending, the defendant therein has filed its intervening petition in the receivership cause in this court, alleging that it has been put to great expense in defending what it terms the unfounded and fraudulent claim of the plaintiff in the state court, the respondent herein, and that as a large percentage of the available jurors in Manistee county are of the same nationality as said respondent, petitioner cannot obtain a fair trial in said court. It alleges in said petition that it—

"petitions this court, therefore, to take jurisdiction of the claim of said Koscnicki, submit the same to a special master of this court for a report as to the facts, and to make an order disallowing the claim of said Koscnicki, or such other order as shall seem meet in the premises."

An affidavit also has been filed herein, setting forth the facts thus mentioned in the petition, and in its brief filed in support thereof petitioner declares that—

"The petition is so framed as to apprise the court of the facts surrounding the claim of said Koscnicki and to permit the court to furnish the relief within the reach of its equity powers, either by way of enjoining the proceedings in the state court, or by assuming jurisdiction and determining the justice of said claim."

In a reply brief petitioner contends that—

"It is the right and duty of this court to protect the purchaser of the assets sold pursuant to the decree of this court against unfounded claims."

[1] I am of the opinion that petitioner has misconceived the nature and exent of the power and duty of this court in the premises. Section

66 of the Judicial Code (section 1048, West's United States Compiled Statutes of 1916) provides as follows:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Petitioner, of course, under the circumstances of the present case, is liable, or otherwise interested, in this matter only because it has succeded to the rights and obligations of the receivers heretofore appointed by this court, and now occupies their former position with respect to liabilities arising out of their acts in carrying on the business connected with their duties as such receivers; and the terms of the statute just quoted are now as fully applicable to said petitioner as they would have been to the receivers whom they have succeeded, if the latter had not been discharged, and they, instead of petitioner, had been sued in respect of the alleged negligence of their servants in the suit which is the subject of this controversy. This suit was properly brought in the state court, and the latter has full jurisdiction to determine all of the issues involved therein without interference by this court. Texas & Pacific Railway Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Gableman v. Peoria, Decatur & Evansville Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220; Thompson v. Northern Pacific Railway Co., 93 Fed. 384, 35 C. C. A. 357 (C. C. A. 9); Ohio Coal Co. v. Whitcomb, 123 Fed. 359, 59 C. C. A. 487 (C. C. A. 7); Gray v. Grand Trunk Western Railway Co., 156 Fed. 736, 84 C. C. A. 392 (C. C. A. 7); Nashville Railway & Light Co. v. Bunn, 168 Fed. 862, 94 C. C. A. 274 (C. C. A. 6); Hanlon v. Smith, 175 Fed. 192; Norfolk Southern Railroad Co. v. Talbott, 190 Fed. 737, 111 C. C. A. 465 (C. C. A. 4); Chicago Great Western Railroad Co. v. Hulbert, 205 Fed. 248, 125 C. C. A. 98 (C. C. A. 8).

[2] Petitioner has apparently relied on the clause in the statute just quoted to the effect that—

"Such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

It is, however, well settled that this portion of the statute does not limit or affect the meaning or application of the preceding clause of the statute, but is intended merely to reserve to the court, appointing a receiver whose act may result in a claim against the property or the purchaser thereof, jurisdiction over the mode of enforcing collection of such claim when judicially determined and liquidated, so far as may be necessary to properly protect and conserve the receivership property and to adjust the equities and rights of all parties having claims against such property or otherwise interested therein. Texas & Pacific Railway Co. v. Johnson, supra; St. Louis Southwestern Railway Co. v. Holbrook, 73 Fed. 112, 19 C. C. A. 385 (C. C. A. 5); Willcox v. Jones, 177 Fed. 870, 101 C. C. A. 84 (C. C. A. 4).

No such question being involved on the present petition, and for the reasons stated, said petition must be denied, and an order entered in conformity with the terms of this opinion.