### AMERICAN BRAKE SHOE & FOUNDRY CO. v. PERE MARQUETTE R. CO.
#### Petition of PERE MARQUETTE RY. CO.

(District Court, E. D. Michigan, S. D. March 8, 1922.)

No. 5467.

1. **Courts** ⊜⊐508(3)—**Charge of error in state judgment does not authorize relief in receivership proceedings.**

Under Judicial Code, § 66 (Comp. St. § 1048), permitting suit against a receiver appointed by a United States court as to the business carried on by him, subject to the general equity jurisdiction of the appointing court, the power of the appointing court is limited to the mode of enforcing the collection of a judgment against the receiver, so far as necessary to conserve the receivership property and to adjust the equities of the parties, and a petition alleging that a judgment rendered by a state court in an action for the receiver's negligence was erroneous does not authorize the United States court to enjoin its enforcement against the property in the hands of the purchaser.

2. **Judgment** ⊜⊐828(3)—**Of state court against receiver on conflicting evidence is res judicata.**

A judgment by a state court against a receiver appointed by a United States court, based on negligence by the receiver, where the evidence was conflicting, is res judicata between the judgment plaintiff and the purchaser of the receivership property subject to claims against the receiver.

---

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Judgment** ⬡⟹828(4)—**Petition held not to show state judgment against receiver was obtained by fraud.**

A petition alleging that a judgment against a federal receiver was procured only by plaintiff's testimony that the receiver's employees did not sound the whistle until they were at the crossing, which was contradicted by the employees and a disinterested witness, and that the judgment was affirmed by the state Supreme Court on the ground it could not disturb a verdict based on conflicting evidence, does not show that the judgment was obtained by fraud.

In Equity. Suit by the American Brake Shoe & Foundry Company against the Pere Marquette Railroad Company. On petition by the Pere Marquette Railway Company, as purchaser of the assets of defendant at the master's sale, to restrain Frank Kozcnicki from collecting a judgment obtained by him against petitioner in a state court. Petition denied.

Parker, Shields & Seaton, of Detroit, Mich., for petitioner.
Smurthwaite & Campbell, of Manistee, Mich., for respondent.

TUTTLE, District Judge. This in an intervening petition of the Pere Marquette Railway Company, the purchaser of the assets of the Pere Marquette Railroad Company at the master's sale herein, seeking to restrain the above-named respondent from collecting a certain judgment obtained by respondent against petitioner in a Michigan state court. The matter has already been before the court on a petition by this petitioner to compel said respondent to litigate in this court the controversy which has resulted in said judgment. This court denied the former petition, and remanded the proceedings to the state court mentioned; in the course of its opinion (263 Fed. 237), using the following language:

"I am of the opinion that petitioner has misconceived the nature and extent of the power and duty of this court in the premises. Section 66 of the Judicial Code (section 1048, West's United States Compiled Statutes of 1916) provides as follows: 'Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice.'

"Petitioner, of course, under the circumstances of the present case, is liable, or otherwise interested, in this matter only because it has succeeded to the rights and obligations of the receivers heretofore appointed by this court and now occupies their former position with respect to liabilities arising out of their acts in carrying on the business connected with their duties as such receivers; and the terms of the statute just quoted are now as fully applicable to said petitioner as they would have been to the receivers whom they have succeeded, if the latter had not been discharged, and they, instead of petitioner, had been sued in respect of the alleged negligence of their servants in the suit which is the subject of this controversy. This suit was properly brought in the state court, and the latter has full jurisdiction to determine all of the issues involved therein without interference by this court. [Citing numerous cases.]

"Petitioner has apparently relied on the clause in the statute just quoted to the effect that—'such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as

the same may be necessary to the ends of justice.' It is, however, well settled that this portion of the statute does not limit or affect the meaning or application of the preceding clause of the statute, but is intended merely to reserve to the court, appointing a receiver whose act may result in a claim against the property or the purchaser thereof, jurisdiction over the mode of enforcing collection of such claim when judicially determined and liquidated, so far as may be necessary to properly protect and conserve the receivership property and to adjust the equities and rights of all parties having claims against such property or otherwise interested therein."

The present petition shows that at the trial in the state court the respondent obtained a verdict of $2,250 against the petitioner, judgment on which verdict was affirmed by the Supreme Court of Michigan. Petitioner alleges that said respondent obtained such verdict "by swearing that the locomotive whistle aforesaid was blown while the engine was on the crossing," while two employees of the aforesaid receiver of the railroad company and a "local farmer" testified that such whistle was blown at a whistling post 40 rods distant from such crossing; that the Michigan Supreme Court "held that a question of fact was involved, and for this reason refused to disturb the verdict"; that "by setting up the claim that the locomotive whistle was sounded at the crossing plaintiff created a question of fact, and a jury of his fellow residents of Manistee county found a verdict in his favor"; and that the claim in question thus reduced to judgment "is a fraud on your petitioner." The allegations just quoted and referred to are the only statements in the petition purporting to support the charge that the judgment mentioned is fraudulent, or to show that the enforcement of such judgment would prejudice the rights of any party or person interested in this cause.

Petitioner prays that the matter be referred to a special master for a report on the merits of the claim involved, that respondent be enjoined from collecting the said judgment in the state court, and that this court find that said claim is "without merit and not a proper charge against the receivership assets purchased by petitioner."

[1] Petitioner relies upon the case of Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 Sup. Ct. 93, 65 L. Ed. 205, and upon the language hereinbefore quoted from the former opinion of this court herein. In the case just cited, the Supreme Court merely pointed out and applied the familiar rule:

"It has come to be settled by repeated decisions and in actual practice that, where the elements of federal and equity jurisdiction are present, the provision [section 265 of the Judicial Code] does not prevent the federal court * * * from depriving a party, by means of an injunction, of the benefit of a judgment obtained in a state court in circumstances where its enforcement will be contrary to recognized principles of equity and the standards of good conscience."

That case involved only the application of the rule to the particular facts and circumstances in that case. After finding and stating that the defendant in error therein had wrongfully and in violation of its agreement with plaintiff in error obtained the judgment involved in that case, that such judgment was obtained in an action to which plaintiff in error was not a party and wherein it could not be heard, and that

defendant in error was financially irresponsible. The court reached the conclusion that—

"In these circumstances, that company [plaintiff in error] is entitled in equity and good conscience * * * to a decree holding him [defendant in error] to his agreement and depriving him of his present inequitable advantage, and to that end enjoining him from collecting the judgment."

There is nothing in that case which would warrant the relief prayed in the present petition. Nor do the allegations of the present petition present a case entitling petitioner to any relief under the provisions of the former opinion of this court herein, to which reference has been made. It was there distinctly held by this court that—

"This suit was properly brought in the state court, and the latter has full jurisdiction to determine all of the issues involved therein."

[2, 3] One of the issues in that suit was the question relative to the blowing of the whistle hereinbefore referred to. The state court heard the conflicting testimony upon this issue and determined it in favor of the respondent, and the Supreme Court has affirmed that decision. The judgment, therefore, of such court, is res adjudicata here. The facts stated in the petition, even if proved, are insufficient to show that the judgment was procured by fraud. They do not even present a case of alleged perjury (assuming that such a charge would be available as a ground for the relief prayed here). The petition is in all essential respects merely an appeal to this court to review alleged error on the part of a state court, whose jurisdiction over the subject-matter and the parties is not challenged. The course thus urged upon this court should not, and will not, be pursued.

For the reasons stated, the petition must be denied. An order to that effect will be entered.