## Louis J. Bremer, Administrator de bonis non of the Estate of Mary Louise Pearl, Deceased, Appellant, v. Chicago & Eastern Illinois Railway Company, Appellee.

## Gen. No. 8,081.

1. COURTS—*jurisdiction of action against purchaser at foreclosure sale who assumes liabilities of federal receiver.* Under U. S. Comp. Stat. 1901, p. 582, which authorizes suits against receivers without leave of court, an action against one purchasing property of a railroad company at a foreclosure sale under a decree requiring him to assume the liabilities of a federal receiver appointed in the foreclosure suit is properly brought in a State court.

2. COURTS—*continuation of suit in federal court after foreclosure sale of property in hands of receiver.* Where an action is brought in a State court against a federal railroad receiver for damages for death caused by the operation of the railroad by the receiver, and the railroad property is subsequently under a foreclosure decree requiring the purchaser to assume all liabilities incurred by the receiver in the operation of the property, the provisions of an order discharging the receiver, that the federal court retains jurisdiction to determine claims and demands which are required to be presented by intervention, does not deprive plaintiff of the right to continue the prosecution of the suit in the State court, nor to have the right of recovery, and the question of liability and the amount thereof determined by that court.

3. COURTS—*petition in federal court regarding claim against receiver as not affecting continuation of suit in State court.* Where an action is brought in a State court against a federal railroad receiver for damages for death caused by the operation of the railroad by the receiver and, after a foreclosure sale of the property under a decree requiring the purchaser to assume all liabilities incurred by the receiver in the operation of the property, an order, discharging the receiver, provides for the federal court to retain jurisdiction to determine claims and demands which are required to be presented by intervention, a petition by plaintiff merely praying that the claim involved in the suit be held in abeyance by the federal court until final adjudication of the cause in the State court and that leave be granted plaintiff, the administrator, to file his claim in such court for the amount which the State court shall find to be due, is not a bar to the further prosecution of the suit in the State court.

4. LIMITATIONS OF ACTIONS—*amendment changing parties as not new suit or new cause of action.* In an action by an administrator against

the receiver of a railroad company for damages for death caused by the operation of the railroad by the receiver, an amendment substituting an administrator de bonis non as plaintiff and the purchaser of the railroad at a foreclosure sale as defendant does not amount to the commencement of a new suit nor a new cause of action within the statute of limitations.

Appeal by plaintiff from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded with directions. Opinion filed November 21, 1927.

BROWN, HAY & STEPHENS, CLARK & HUTTON and WILBUR R. WICKS, for appellant; WILBUR R. WICKS, of counsel.

ACTON, ACTON & SNYDER and HOMER T. DICK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This action was commenced in the Circuit court of Vermilion county by Lewis K. Pearl, as administrator of the estate of Mary Louise Pearl, deceased, to recover damages for the benefit of the next of kin of said deceased, against William J. Jackson, as receiver of the Chicago & Eastern Illinois Railroad Company. The right to recover damages for the death of the deceased was based on alleged negligence of the servants of the receiver in the operation of the railroad passenger train, which it is alleged resulted in a collision at a railroad street crossing in the village of Alvin, Illinois. There was a trial of the case and a verdict and judgment against the receiver of the railroad company in the sum of $2,500; but an appeal was prosecuted from the judgment to this court and the judgment was reversed and the cause remanded to the circuit court of Vermilion county. *Pearl v. Jackson,* 230 Ill. App. 674. Thereafter, Lewis K. Pearl resigned as administrator, and the probate court of Vermilion

county appointed the public administrator, Louis J. Bremer, as administrator de bonis non of the estate, and Bremer as such administrator was substituted as party plaintiff in the suit. Subsequently, on June 26, 1922, William J. Jackson was discharged as receiver by the order and decree of the District Court of the United States for the Northern District of Illinois, and after the discharge of the receiver, by leave of court, the appellee, Chicago & Eastern Illinois Railway Company, which is the successor of the Chicago & Eastern Illinois Railroad Company, was made defendant, and thereupon an amended declaration was filed. The amended declaration charges negligence in the management and operation of the train, which is alleged to have caused the collision, and the death of the plaintiff's intestate; it also charges a failure to ring a bell or sound a whistle, as required by the statute; it also charges that the train was running at an excessive rate of speed through the village of Alvin in violation of the speed ordinance of the village, in force at that time. The declaration also contains a count charging a wilful violation and disregard of the speed ordinance of the village. The declaration sets forth in each count the order and decree of the United States District Court for the Northern District of Illinois, under which the appellee became the owner by purchase of all the property of its predecessor, the Chicago & Eastern Illinois Railroad Company, which decree was entered on May 22, 1917, and expressly provides that the said railroad track right-of-way, rolling stock and train of cars and other property of the Chicago & Eastern Illinois Railroad Company should be sold by the special master of said court and that, in addition to the consideration paid by any purchaser at such sale, said purchaser and his assignees should, as a part of the consideration and purchase price, take such property and receive the deeds or other instruments of conveyance and transfer thereof,

upon the express condition that he and they, or his or their successors or assignees, shall pay, satisfy and discharge any unpaid indebtedness and liabilities of the receiver incurred in the management and operation of the property purchased and otherwise in the discharge of his duties as receiver; and the declaration avers that by purchasing and accepting a deed of conveyance under the terms of the decree referred to, the appellee became liable to the appellant, this cause of action and liability being one that resulted during the operation and management of the railroad property sold, by the receiver. To the declaration, the appellee pleaded the general issue and two special pleas in defense of the appellant's right of recovery, and appellant filed a general demurrer to each of the special pleas. The trial court overruled the demurrers and appellant elected to stand by the demurrers, and the court thereupon entered judgment in bar of the action and for costs against the appellant. This appeal is prosecuted from the judgment.

The question presented on appeal is whether the matters set up in the special pleas, which are admitted by the demurrer, constitute a bar to the appellant's right of recovery. The matter set up in the first special plea in bar of the appellant's right of action is contained in an order of the District Court of the United States for the Northern District of Illinois, discharging the receiver, William J. Jackson, which was entered June 26, 1922, after the sale of the railroad property to the appellee had been carried into effect under the previous order of the court, as set forth in the declaration. The order discharging the receiver contains the following matters which are set up in the plea:

"It is further ordered, adjudged and decreed that this cause is retained and kept open and the Court reserves jurisdiction thereof and of all questions heretofore reserved in this cause, whether by the decree of

sale entered herein May 22, 1917, the order of confirmation entered herein May 3, 1921, the final decree entered herein December 9, 1921, or otherwise, including jurisdiction to ascertain and determine all claims, demands and liabilities against said Receiver, or his predecessors in office, or against the railroad and property delivered by said Receiver to the assignees of the purchasers thereof and against such purchasers and their assigns which have arisen or may arise out of said receivership and which have not been barred by decrees heretofore entered in this cause. All such claims, demands and liabilities, if not paid in due course by or in behalf of the Chicago and Eastern Illinois Railway Company, shall be made and presented by intervention in this Court and in this cause, for the purpose of being ascertained and determined, and any orders, judgments or decrees rendered in such proceedings may be enforced and shall be enforced only against the railroad and property delivered by said Receiver to said Railway Company, to the same extent and in the same manner as provided in said Decree of Sale and subsequent decrees relating to said sale. Such intervention proceedings shall be filed as aforesaid on or before September 30, 1922, and after that date no such intervention in this cause shall be permitted, and the rights of any claimants who, on or before such date, shall not have commenced intervention proceedings to avail themselves of the remedies herein provided for their benefit, shall cease and determine as to such railroad and property of said Railway Company.

"It is further ordered, adjudged and decreed that Chicago and Eastern Illinois Railway Company, the assignee of said purchaser shall cause brief notice of the contents of this order to be published in daily newspapers published respectively in the cities of Chicago, Illinois, and New York, New York; the publication of such notice to begin not later than thirty days from

the date hereof, and to continue once each week for a period of five weeks; and said Railway Company shall also, within thirty days from the date hereof, cause a copy of this order to be mailed or otherwise transmitted to all parties known to it to be asserting claims or demands arising out of said receivership.

"It is further ordered, adjudged and decreed that all such claims and demands filed in this cause pursuant to this order be and the same hereby are referred to Herbert A. Lundahl, Esq., Special Master, heretofore appointed in this cause, who shall hear and report thereon to the Court with his recommendations; that said Chicago & Eastern Illinois Railway Company be, and hereby it is, allowed twenty days from the date of the filing of any such intervening petition, to answer or otherwise plead thereto, and the respective claimants may reply or otherwise plead to such answers respectively within twenty days after the filing thereof.

"It is further ordered, adjudged and decreed that said Chicago and Eastern Illinois Railway Company shall have the right, if it so elects, at its own cost and expense, to be substituted a party in lieu of the said Receiver, in all or any litigation by or against said Receiver now pending on appeal, or otherwise, or to continue such litigation in the name of said Receiver."

It is contended by the appellee that the order discharging the receiver set up in the plea deprived the circuit court of Vermilion county of further jurisdiction of this case, which was pending therein, and that it barred appellant's right of recovery for wrongfully causing the death of the plaintiff's intestate, as alleged in the declaration, except in so far as the order referred to allowed the administrator of her estate to intervene in the United States District Court which entered the order discharging the receiver, and to file a claim or demand pursuant to the order; that upon the entry of the order referred to, the right of the

appellant to further proceed with the cause pending in the circuit court of Vermilion county ceased. We cannot agree with this contention. The order under which the appellee purchased the railroad property in question was unconditional in its terms, namely, that any purchaser and his assignees should, as a part of the consideration and purchase price, take such railroad property and the deeds or other instruments of conveyance and transfer thereof, upon the express condition that he and they, or his or their successors or assignees, shall pay, satisfy and discharge any unpaid indebtedness or liabilities of the receiver incurred in the management or operation of the property purchased. We are of opinion that the unconditional assumption of liability such as the one here involved by the appellee, in its purchase and acquisition of the railroad property in question, was not modified or changed by a subsequent decree of the court entered for the purpose of discharging the receiver. Nor can it be said that such order was intended to operate as a change or modification of such liability assumed by the appellee, but the order should be given the same interpretation which was given such an order in *Texas & P. Ry. Co. v. Johnson*, 151 U. S. 81, 38 L. Ed. 81, 14 Sup. Ct. 250. In that case the court held that an order like the order in question fairly interpreted, meant that the court, when about to release the receiver and his bondsmen by a determination of the foreclosure proceedings and a discharge of the receiver, gave an opportunity to those who had claims to present them; but that, after February 1, 1889, the date fixed in the order, those who had not intervened would cease to be entitled to resort to the circuit court in the equity suit, and would be remitted to such other remedies as might be within their reach. The correctness of this interpretation as applying to the present case is made more obvious by the fact that in the order discharging the receiver under consideration, the court provided that the claims and demands which were filed pursuant to

the order should be referred to Herbert A. Lundahl, Esq., special master, theretofore appointed, who should hear and report thereon to the court with his recommendations, which justifies the inference that no claims or demands are included in the order, the determination of which could only be legally accomplished by a trial by jury. It may also be pointed out, that "the preservation of general equity jurisdiction over suits instituted against receivers without leave does not, in promotion of the end of justice, make it competent for the appointing court to determine the rights of persons who are not before it or subject to its jurisdiction." *Texas & P. Ry. Co. v. Johnson, supra; Texas & P. Ry. Co. v. Bloom's Adm'r,* 164 U. S. 636, 41 L. Ed. 580, 17 Sup. Ct. 216. Under the Act of Congress every receiver or manager of any property appointed by any court of the United States may be sued in respect to any of his acts or transactions in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed in so far as the same shall be necessary to the end of justice. Section 3, Act of Congress, March 3, 1887, ch. 373, 24 Stat. 554; Act of August 13, 1888, ch. 866, 25 Stat. 436, U. S. Comp. Stat. 1901, p. 582. Under this Act, which authorizes suits against receivers without leave of court, an action against one purchasing property of a railroad company at a foreclosure sale, under a decree requiring him to assume the liabilities of a receiver appointed in the foreclosure suit, is properly brought in a State court. *American Brake Shoe & Foundry Co. v. Pere Marquette R. Co.,* 263 Fed. 237; s. c., 278 Fed. 832; *Thompson v. Northern Pac. Ry. Co.,* 93 Fed. 384. And it has been repeatedly held that where by the local law the obligation assumed by a successor or purchaser, who takes over property or is one of direct

liability, and not merely equitable, for the paying of claims chargeable against the property or fund, such local law fixes the nature of the cause of action for the enforcement of such liability in the federal court; and an action at law may be maintained against the purchaser alone to recover for a personal injury for which the property in the hands of the receiver was chargeable. *Gray v. Grand Trunk Western Ry. Co.,* 156 Fed. 736; *Gableman v. Peoria, D. & E. Ry. Co.,* 179 U. S. 335, 45 L. Ed. 220, 21 Sup. Ct. 171; *Norfolk Southern Ry. Co. v. Talbott,* 190 Fed. 737. See also *Chicago Great Western R. Co. v. Hulbert,* 205 Fed. 248; *Baltimore & O. R. Co. v. Burris,* 111 Fed. 882. In *Lassiter v. Norfolk Southern R. Co.,* 163 N. C. 19, it was distinctly held that where the purchasers of a railroad from the receivers appointed by a federal court agreed to pay all liabilities incurred by the receivers, a provision in the decree confirming the sale, which retained exclusive jurisdiction of the cause in the federal court to enforce the obligations assumed by the grantees, does not deprive the administrator of one killed by the negligence of the employees of the receivers of his right to sue the purchaser for damages in the State court in view of the Act of Congress of March 3, 1887, which permits an action in the State court against receivers without obtaining the permission of the federal court which appointed them. To the same effect is *White v. Chicago, P. & St. L. R. Co.,* 196 Ill. App. 459. In view of the foregoing authorities, we are of opinion that the provision in the order of the United States District Court discharging the receiver, and concerning the matter of claims and demands and liabilities of the receivership, did not deprive the appellant of the right to continue the prosecution of this suit against the appellee in the circuit court of Vermilion county, nor to have the right of recovery and the question of the liability, and the amount thereof, determined in that court; and that therefore the mat-

ters set up in the plea cannot be considered as a legal defense to the action, nor as a bar to appellant's right of recovery. It is also contended by the appellee that the original plaintiff, Lewis K. Pearl, as administrator, submitted himself to the jurisdiction of the District Court by filing the claim for damages here involved by intervening petition in the District Court, as alleged in its plea, and that therefore the matter of the adjudication of his right to a recovery of damages became a matter exclusively within the jurisdiction of the District Court; and that therefore the special plea referred to, which sets up the intervening petition of Lewis K. Pearl, as additional matter of defense to this suit, was a bar to the further prosecution thereof. In reference to the petition referred to, it will be noted that the petition does not submit the matter of the right of the administrator of the estate of Mary Louise Pearl to recover to the adjudication of the District Court, but merely prays that the claim involved in this suit may be held in abeyance by the District Court until the final adjudication of the cause in the State court; and that leave be granted to the administrator to file his claim in the District Court for the amount which the State court would finally determine to be due. There is clearly no submission to the jurisdiction of the District Court of the question of the administrator's right to recover, nor of the amount, if any, he is entitled to recover, nor of a transfer of his right of action from the jurisdiction of the State court to the jurisdiction of the District Court. The second special plea avers that the appellee ought not to have or maintain his aforesaid action against the appellant because Mary Louise Pearl died intestate April 3, 1921, in Vermilion county; and that the cause of action for her death arose more than one year prior to the time that the appellant was made a party defendant in the cause; also, that the cause of action did not arise against the appellee at any time within a

year next preceding the time that the appellee was made a party in the cause, nor within one year next before the time plaintiff was appointed and qualified as administrator of said estate. Apparently this plea purports to set up the statute of limitations as a defense. The substitution of new parties in the action, however, does not amount to a new suit, nor is it a new cause of action. Section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, provides that amendments may be made in an action at law of changing the form of the action, or making other parties plaintiff or defendant when necessary to enable the plaintiff to sustain the action. The real parties in interest were the next of kin of the plaintiff's intestate; and inasmuch as the substitution of a new party plaintiff or another party defendant is not the commencement of a new suit, nor a new cause of action, the limitation invoked by the plea is not effective. *Houghland v. Avery Coal & Mining Co.*, 246 Ill. 609. We conclude, therefore, that the circuit court erred in overruling the demurrer, and the judgment is therefore reversed and the cause remanded with directions to sustain the demurrer to the first and second special pleas.

*Reversed and remanded with directions.*