My opinion, further, is that the service of process on John D. Taggart as president of the Fidelity Trust & Safety Vault Company (complainant) was, under the circumstances shown by the evidence, irregular, and not warranted by law; that the company was not at the time of such service doing business in this state, in contemplation of the laws thereof, and that the service was not a valid service under the laws of the state. The motion to set aside said service is sustained. An order will be entered in accordance with the views herein expressed.

·PINE LAKE IRON CO. v. LA FAYETTE CAR WORKS, (ADAMS, Intervener.)

(Circuit Court, D. Indiana. January 11, 1893.)

No. 8,677.

**1. RECEIVERS—ALLOWANCE OF CLAIMS—JUDGMENTS IN PENDING ACTIONS.**
A suit commenced before the appointment of a receiver of the 'debtor's property, upon a claim afterwards filed, within the time limited, against the receiver, may be prosecuted to judgment, which, when rendered, establishes as against the receiver the amount of the claim.

**2. SAME—ELECTION OF REMEDIES.**
Where a receiver knows of the pendency of a suit on a claim which is afterwards filed against him, a failure to refer to the pending suit at the time of filing the claim does not cause a waiver of the right to prosecute the action, or constitute an election of remedies.

**3. SAME—COSTS.**
In such case, however, the receiver should not be charged with the costs both of the suit and of the investigation before the master, and the creditor should only be allowed the amount of his judgment, exclusive of costs.

Petition of intervention by B. F. Adams in the suit of the Pine Lake Iron Company against the La Fayette Car Works for the purpose of establishing a claim against the receiver. Decree for intervener.

Stanton & Scott and J. L. McMaster, for petitioner.
Stuart Bros., for receiver.
A. C. Harris, for general creditors.

WOODS, Circuit Judge. When the receiver was appointed the intervener had a suit pending in one of the courts of New York for the same demand that is in question here. In pursuance of the notice requiring that claims against the receiver be filed here within a time limited, the intervener presented the claim here, saying nothing of the suit in New York, and it was referred to the master for proof. Having obtained judgment in the New York court, the intervener obtained leave of the master, subject to exceptions, to amend his statement of the claim so as to show the recovery of the judgment, and, having put in evidence a transcript of the judgment, claimed that it was conclusive evidence of the amount of his claim. The master held that it was neither conclusive nor prima facie evidence, and upon the merits reported against the petitioner.

The authorities cited on the subject recognize the right of one who has commenced a suit before the appointment of a receiver of the

debtor's property to prosecute the action to judgment, and that a judgment so obtained establishes, as against the receiver, the rightful amount of the demand. Pringle v. Woolworth, 90 N. Y. 502; Gluck & B. Rec. pp. 26, 27, and cases cited.

It is insisted, however, that by filing his claim here, without referring to the pending suit, and reserving the right to prosecute it, the petitioner made an election of remedies, and lost his right to proceed with the suit. I do not think the doctrine of election fairly applicable. A time having been fixed by order of this court within which claims should be filed, the intervener could not omit presenting his demand without great risk of losing it. He could not present the judgment, because that had not been rendered. He might, of course, have made reference to the suit; but his failure to do so, in view of the admitted fact that the receiver and his counsel had knowledge of the pendency of the suit, was not a waiver of the right to prosecute the action. I do not think, however, that the receivership should be charged with the costs of both investigations, and therefore allow the petitioner the amount of his judgment, exclusive of costs,—that is to say, the sum of $7,000.56,—with interest from the date of the judgment. Decree accordingly.

---

FRANKLIN SAVINGS BANK et al. v. TAYLOR et al.

(Circuit Court of Appeals, Seventh Circuit. January 18, 1893.)

No. 5.

1. TRUSTS—INFANT BENEFICIARIES—BILL OF REVIEW—MORTGAGE.
   A deed of trust for the benefit of minors contained a provision that the trustee should not incumber the property. The record of the deed being destroyed by fire, it was restored by a decree of court in which the deed was declared to authorize the trustee to incumber the property. Afterwards, in another suit, a new trustee was appointed, and authorized to make a certain loan to be secured by mortgage. Held, that, as against the person making such loan in good faith, the minors had no right to have the decree authorizing the mortgage declared void by bill of review, since a decree against infants cannot be attacked for mere mistake as against third persons who have in good faith acquired rights under it. Lloyd v. Kirkwood, 112 Ill. 338, followed. 50 Fed. Rep. 289, reversed.

2. RECORD—CONSTRUCTIVE NOTICE—BURNT RECORDS—DECREE.
   A record of a deed is constructive notice of its terms, though the record has been destroyed; but when a lawful decree has been subsequently rendered, incorrectly declaring the terms of the deed, the destroyed record ceases to be constructive notice of those terms which are incorrectly declared. 50 Fed. Rep. 289, reversed.

3. MORTGAGE—CONSIDERATION—ANTECEDENT DEBT.
   When a creditor surrenders and releases his former obligation and security, extends the time of payment, makes an additional loan, and takes a new mortgage for the entire debt, with the former debtor as surety and a new party as principal debtor, he becomes a mortgagee for value for the full amount of the entire debt.

4. BILL OF REVIEW—DECREE AGAINST INFANTS—CONSENT.
   Where a decree against infants who have appeared by guardian ad litem does not purport upon its face to have been rendered by consent, it will not be set aside on bill of review on the ground that it was in fact rendered by consent, where it is not shown that such consent was fraudulent, or in some way injurious to the infant defendants.