### WILDER et al. v. CITY OF NEW ORLEANS.

(Circuit Court, E. D. Louisiana. February 6, 1893.)

No. 11,380.

MUNICIPAL CORPORATIONS—NEW ORLEANS DRAINAGE FUND—CITY AS TRUSTEE—RECEIVERS.

The city of New Orleans having been declared by the supreme court (11 Sup. Ct. 541) to be a mere compulsory trustee of the drainage fund, without any of the obligations of debtor and creditor as between the city and the fund, and a receiver of the fund having been subsequently appointed, *held*, that the receiver now stands in the place of the city, as between the fund and its creditors, and the city is no longer subject to be sued in regard thereto, but the suits should be brought against the receiver.

This was an action by Wilder and others, constituting the firm of Wilder & Co., against the city of New Orleans, to enforce a claim against the drainage fund or tax.

William Grant and Richard De Gray, for plaintiff.

E. A. O'Sullivan, City Atty., for defendant.

PARLANGE, District Judge. Heretofore, the city of New Orleans excepted "that this suit is improperly prosecuted against the said city, all powers and liabilities appertaining to the drainage fund or tax having been withdrawn from said city, and vested in a receiver, by decree of this court in a suit of J. W. Peake v. New Orleans, No. 12,008; that, since said decree, the city is without authority to stand in judgment, and this suit must be prosecuted against said receiver, and not against said city." The exception was overruled, and subsequently the cause was fixed for trial on the merits. It was taken up before a jury, and, the evidence on both sides being closed, the plaintiffs moved the court to direct a verdict in their favor; the defendant moving similarly for the direction of a verdict in its favor. Defendant's motion is virtually based on the same grounds upon which the exception was founded.

After having heard reargument of the matter set forth in the exception, and having consulted the authorities which the defendant's counsel now cites, I am clear that the exception should have been

sustained; and I am satisfied that in this cause there cannot be judgment, as prayed for, against the city of New Orleans. It results clearly from the case of Peake v. New Orleans, 139 U. S. 349, 11 Sup. Ct. 541, that, with regard to the drainage fund or tax, the city was merely a compulsory trustee or forced administrator, and that there was no obligation of debtor and creditor between the city and the fund or tax. The supreme court is emphatic in its statement that the responsibility of the city in the matter must be restricted to its narrowest limits, and that the only relation of the city to the matter was that of assessor or collector of the special assessments. After the decision of the Peake Case by the supreme court, a receiver was appointed by this court in that case "of all the property, equitable interests, things in action, and effects of the drainage fund held by the defendant, the city of New Orleans, in trust," and the receiver "was vested with all the rights and powers of a receiver in chancery, according to law and the rules and practice of this court, upon his filing  *  *  *  a bond," etc. The order appointing the receiver further provided that the city should appear before a designated master in chancery, and should execute and deliver to the receiver "an assignment, assigning, transferring, and conveying to him all the aforesaid property, equitable interests, things in action, and effects, and all books, papers, and vouchers relating thereto, and that the city appear before such master from time to time, as said master shall require, and submit to such examination as said master shall direct in relation to said property and effects and the condition thereof." It is difficult to see how the order could have been made broader, or how the receiver could have been given larger powers. The city, far from resisting the appointment of the receiver, submitted the matter to the decision of the court, through its counsel, thereto authorized by the city council. The receiver entered upon the discharge of his duties. Pursuant to orders of this court in the matter of the receivership, the city, by an act before J. D. Taylor, of February 11, 1892, transferred to the receiver, who accepted the transfer, all the rights, title, and interest of the city, in its character of trustee, in all the property described in the act, and more especially all such rights as the city had derived from the commissioners of the First and Second drainage districts under act of the legislature No. 30 of 1871. The act describes at great length and in detail the property transferred, being the books, records, assessment tableaux, in the matter of the drainage fund or tax, and a large number of pieces of real estate held by the city as trustee for the drainage fund. The receivership is still in progress. When the Peake Case was before the supreme court, no receiver had been appointed, and the court said that the judgment upon which the bill in equity in the Peake Case was based "was unquestionably correct." It was a judgment against the city, but payable only out of the drainage fund. The supreme court said that the judgment "absolved the defendant [the city] from any primary obligation of creditor to debtor. It left it [the city] chargeable only as a trustee of a fund out of which plaintiff's claim was to be paid. It was like a judgment which, in fact

against an estate, is nominally entered against the administrator thereof, to be satisfied out of the property of the estate, and not of the individual property of the executor." But, by reason of the subsequent appointment of the receiver, the matter presents now a totally different aspect from that which it presented when the Peake Case was before the supreme court. It being determined by the supreme court that the only relation which the city bore to the fund is that of a forced administrator or trustee, and that relation having ceased by virtue of the appointment of a receiver, a judgment against the city now would be absolutely illogical. It would be utterly unreasonable to condemn the city to pay a judgment out of a fund which this court has withdrawn from its control or supervision, and no part of which the city could touch without committing contempt of the authority of this court.

Counsel for plaintiffs cite Bank of Bethel Case, 14 Wall. 383; High, Rec. §§ 258, 260; Mercantile Trust Co. v. Pittsburg & W. R. Co., 29 Fed. 732; Tracy v. Bank, 37 N. Y. 523. These authorities have no bearing on the matter in hand. They simply declare that actions may be instituted against a debtor, although a receiver has been appointed over him, where the rights and remedies of the plaintiff terminate with the original debtor, and when the receiver is not to be adjudged to do anything for plaintiff's benefit. But the suit at bar is not a suit against a debtor over whom a receiver has been appointed. No receiver has been appointed to the defendant, and the highest authority has declared that the city is not a debtor in this matter. This is a suit against the city as administrator or collector of a fund. Plaintiffs pray to be paid out of that fund, and this court has heretofore taken away from the city any right to touch it. Defendant's counsel now cites Justice Bradley's opinion in Vose v. Reed, 1 Woods, 650, Fed. Cas. No. 17,011; also, 20 Am. & Eng. Enc. Law, 304, and the cases cited in the notes.

It is perfectly clear that there must be judgment in favor of the city of New Orleans. However, as plaintiffs may properly plead surprise, a mistrial or continuance will be entered, if they so desire.