PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York. January 12, 1910.)

RECEIVERS (§ 149*)—CLAIMS AGAINST RECEIVERSHIP—TIME FOR PROVING.

   Where, pursuant to orders of a federal court in a proceeding against insolvent street railroad companies in which receivers have been appointed, advertisement has been made requiring claims against the defendants to be proved before a special master before a named date, claimants

---

who elect to prosecute their claims to judgment against the defendants, expecting that their judgments will be allowed nunc pro tunc, will be required to act with reasonable diligence so as not to delay the closing of the receivership; otherwise their claims will not be allowed against its funds.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 263; Dec. Dig. § 149.*]

In Equity. Suit by the Pennsylvania Steel Company against the New York City Railway Company and the Metropolitan Street Railway Company. In the matter of claims against receivers.

Byrne & Cutcheon, for plaintiff.

James L. Quackenbush, for New York City Ry. Co.

J. Parker Kirlin, for Metropolitan St. Ry. Co.

Masten & Nichols, for receivers of Metropolitan St. Ry. Co.

Dexter, Osborn & Fleming, for receivers of New York City Ry. Co.

LACOMBE, Circuit Judge. It is more than two years now since advertisement was made by the special master requiring claims against defendants to be filed with him before a named date, if claimants elected to prove them against any funds in or coming to receivers' hands. Since then from time to time orders have been made in special cases allowing claims to be filed nunc pro tunc. In many of these cases the claimants have elected to prosecute an action to judgment against the railway company, expecting that the court would allow such judgment to be filed nunc pro tunc as a claim against such funds. See (C. C.) 157 Fed. 443. As was indicated in the memorandum filed March 16, 1908 (C. C.) 161 Fed. 786, this proceeding cannot be held up indefinitely for the accommodation of dilatory claimants. After March 1, 1910, no orders will be signed allowing such claims to be filed nunc pro tunc. Between now and then parties must elect whether they will file their claims with the special master and submit their proofs to him, or will continue to prosecute their actions against defendants, and such election will be considered final.