PENNSYLVANIA STEEL CO. v. NEW YORK CITY RY. CO.

(Circuit Court, S. D. New York.   March 8, 1911.)

RECEIVERS (§ 149*)—CLASSIFICATION OF CLAIMS.

Where a court of equity has taken possession of the property of an insolvent street railway company for distribution among creditors, and pursuant to notice claimants have filed and proved their claims, each should be classified by the court in accordance with what the proof shows to be its character, and claimants will not be required to give notice of the particular classification or preference claimed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 261–266; Dec. Dig. § 149.*]

In Equity.   Suit by the Pennsylvania Steel Company against the New York City Railway Company, with three other suits.   On application to require claims for preference to be filed within a time limited. Application denied.

Byrne & Cutcheon, for complainant.

Masten & Nichols, for Receivers of Metropolitan St. Ry. Co.

Dexter, Osborn & Fleming, for Receivers of New York City Ry. Co.

LACOMBE, Circuit Judge.   The various amendments submitted to the proposed order, and the criticisms of such amendments, indicate difficulties in the way of making any such order, which were not appreciated when the motion was heard and granted.

The situation as it now exists is this:   The court has come into possession of property of the insolvent corporation, which is to be marshaled, converted into money, and distributed among all persons entitled to it upon equitable principles.   It is usual to require notice of claims to be filed within some reasonable time, and that has been done in this case; and persons who do not file such claims are precluded from sharing in the distribution.   But, when a claim has been filed and proved, it would seem that it should be classified for purposes of distribution in accordance with what its proof discloses to be its character, and it should share in the proceeds agreeably to such classification.   All persons who file and prove their claims in a court of equity may reasonably expect that the court will make its distribution equitably, and I now feel satisfied that it might be unfair to require from any claimant some preliminary notice that he insists that he shall be accorded some particular classsification.   In a case presenting such complications as are found in these receiverships, it may very well be that a logical and equitable classification cannot be made until all the evidence under all the claims has been taken.

For these reasons the former decision granting motion to require notices of preference to be filed is reversed, and the application is denied.   It is very important, however, that testimony as to all claims should be taken promptly, since, as long as even a single one is out-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

standing, it may not be practicable to make final distribution. Therefore, if any particular claimant appears to be dilatory about taking his proofs, the court will entertain a motion by any other party in interest to require him to close his proofs within some time to be limited by order.