PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.
(and three other causes).

(District Court, S. D. New York. January 13, 1913.)

Nos. 2—9, 2—33, 2—149, 3—37.

STREET RAILROADS (§ 58*)—INSOLVENCY—CLAIMS—FILING—TIME—ORDER—
AMENDMENT.

Where, in proceedings for the administration of the assets of a street railroad company in insolvency, certain claims had not been filed within the time fixed therefor, but the court, on cause shown, granted an order for their subsequent filing, but, by mistake, neglected to include in the order, a provision that the claims when filed should have the same force and effect as if filed on or before the last day advertised for the filing of claims, the court had power to permit the amendment of such order so as contain such provision.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. § 58.*]

In Equity. Bill by the Pennsylvania Steel Company and another against the New York City Railway Company and another, and three other causes, for the administration of the railway company's property in insolvency. Application for modification of orders permitting the filing of certain claims out of time. Granted.

See, also, 176 Fed. 469.

Theodore W. Morris, Jr., and Matthew C. Fleming, both of New York City, for City receiver.

A. H. Masten and Wm. M. Chadbourne, both of New York City, for Metropolitan receiver.

James Byrne, of New York City, for Pennsylvania Steel Co.

Brainard Tolles, of New York City, for Guaranty Trust Co.

Bronson Winthrop, of New York City, for Farmers' Loan & Trust Co.

Richard R. Rogers, of New York City, for New York Rys. Co.

Benj. S. Catchings, of New York City, for tort creditors.

LACOMBE, Circuit Judge. The two orders sought to be amended allowed the filing of claims against the Metropolitan and New York City Railway Companies.

1. The first is dated and filed February 21, 1910. It refers to claims of the Second Avenue Railroad Company, Guaranty Trust Company, trustee under a mortgage of that railroad company, and George W. Linch, as its receiver.

2. The other order is dated March 20, 1909, and amended August 3, 1911. It refers to a claim of the Central Trust Company as trustee under a mortgage of the Twenty-Eighth & Twenty-Ninth Street Railroad. The petition avers that these orders "allowed claim to be filed." The order of March 20, 1909, contains no such allowance, it makes provision as to liquidation of the claim which for aught that appears on its face might have been already filed. Presumably it was the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amending order, which has not been submitted, which provided for the filing of the claim.

The present application is to amend these orders by inserting the words "with some force and effect as if filed on or before the last day advertised for the filing of claims," or similar words.

During the entire proceeding in the Circuit Court from its outset it was supposed by the court, and apparently by every one else, that the status of all claims would be determined as of the date of the appointment of receivers. Therefore when the last dates for filing claims against the two roads were fixed as December 10, 1907, and January 15, 1908, respectively, the court did not supplement such fixation by an order that such dates would be the dates as of which the status of all claims would be determined. This it could have done with entire propriety (see footnote to opinion of Court of Appeals), and it would have done so had it not supposed the dates of status were already fixed beyond any power of the court to change. It was felt from the outset that the earliest day possible should be fixed for finding out exactly what claims there were to be liquidated, and it was also believed that there should be a common date for all to avoid any possible inequalities.

It was, of course, understood that all claims would not be actually filed by the named dates. They never are. But, upon any reasonable excuse being offered for delay, a special order was made in the case of each claim allowing it to be filed later. The important thing to be considered in making these orders was to be sure that claimant was put in just as good a position as if he had filed his claim within the time. Therefore the special order provided that the claim be filed "nunc pro tunc as of," etc., or "with the same force and effect as if filed prior to." Hundreds of these orders were made dealing with claims of every sort and description. How essential a part of such orders these quoted words were considered may be indicated by memorandum filed January 12, 1910 ([C. C.] 176 Fed. 469).

It now appears that in three instances only were they omitted, the two orders subject of this application, and the order in reference to claim of Hemphill bondholders' committee which was before the Court of Appeals. That the words were omitted from these orders through sheer inadvertence on the part of the court is too manifest even to need the present statement that it was never intended in these orders to give a different measure of relief from that given to all others. Surely no one supposes that the court intentionally favored the Second Avenue bondholders' committee by giving them an unusual form of order which would enable them to prove a large sum of money, while at the same time it required the Metropolitan stockholders' committee to accept the usual form which cut them off from proving a large sum of money, as they might have done if both committees had been treated alike.

Three courses may be open:

(1) To leave things as they are. That course leads to so much inequality that it does not commend itself.

(2) To change all orders by striking out the nunc pro tunc clause. The accountants are not yet figuring on the amount of dividends, and under the practice outlined by the Court of Appeals claims could still be filed. But I am satisfied that this would produce further interminable delays. Moreover, there are certainly more than a hundred claimants whose orders, even nunc pro tunc, were refused because of their gross delay. No one knows who these are. They took away their proposed orders with denial indorsed, and left no name or trace behind them. There is no way to secure to them the benefit of so radical a change.

(3) The easiest and most natural course is to make these two orders conform to all the others. To make them such as the court would have made them if at the time they were signed it had been asked the question, "As of what date are these to be considered filed?"

Respondents contend that to do so would interfere with and deny them substantial equities; that it is not a mere question of practice. If this be so, the order amending will not be a mere matter of discretion. It can be reviewed by the Court of Appeals, which may determine, if their contention is correct, that the momentary inadvertence of the court has secured them equities which it is powerless to disturb. Of course, this petition being opposed, there can be no suggestion that the qualifying words are included with their assent.

## Guaranty Trust Company Petition.

This is a request that a certain amended and supplemental bill of petition be taken and deemed to be a claim against the estates of Metropolitan and City Railway Company as of the time of the actual filing of said bill, or that petitioner be authorized to file separate claims against these estates. The latter seems to be the better practice. Orders will be made allowing filing of such claims, but they must be in the usual form.

## Application of Metropolitan Receiver.

It seems counsel for this receiver understood that the memorandum of January 12, 1910, authorized the filing of claim against the City Company without further order. The master seems to question this. He may take the usual form of order.