(No. 16380.—Appellate Court reversed; superior court affirmed.)
H. H. EVANS *et al. vs.* THE ILLINOIS SURETY COMPANY.—
(TERENCE McKEGNEY, Defendant in Error, *vs.* JAMES
S. HOPKINS, Receiver, Plaintiff in Error.)

*Opinion filed December 16, 1925.*

1. CORPORATIONS—*court appointing receiver for a corporation
holds and administers assets.* A court of chancery, in appointing
a receiver of the property of a corporation, holds and administers
the estate through the receiver as its officer for the benefit of those
whom the court shall ultimately adjudge to be entitled to it, and
it is for the court, alone, to determine who are the creditors and
the amounts of their respective claims.

2. SAME—*suit cannot be brought against receiver without per-
mission of court.* No suit, unless expressly authorized by statute,
can be brought against the receiver of a corporation without the
permission of the court which appointed the receiver, and the court
may, in its discretion, permit suits upon claims in foreign jurisdic-
tions or reserve their determination to itself.

3. SAME—*when creditor cannot establish claim against receiver
by proof of judgment in a foreign jurisdiction.* Where a creditor
has instituted a proceeding against an Illinois corporation in a for-
eign State in which it was authorized to do business, but subse-
quently a receiver is appointed in Illinois and the creditor is noti-
fied of an order of the court appointing the receiver that claimants
in foreign jurisdictions must file their claims in Illinois and that
suits pending in foreign jurisdictions will not be defended by the
receiver, the creditor, who proceeded to obtain judgment by de-
fault against the corporation in the foreign State, cannot have his
claim established in Illinois by proof of his judgment, as the con-
stitutional provision for giving full faith and credit to foreign
judgments cannot apply to make the judgment binding on the re-
ceiver, who was not a party to the action.

WRIT OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on ap-
peal from the Superior Court of Cook county; the Hon.
DENIS E. SULLIVAN, Judge, presiding.

TENNEY, HARDING, SHERMAN & ROGERS, (ROGER SHER-
MAN, and CHARLES F. HARDING, JR., of counsel,) for plain-
tiff in error.

Brown, Packard, Peckham & Barnes, (John J. Peckham, of counsel,) for defendant in error.

Mr. Justice DeYoung delivered the opinion of the court:

On June 16, 1913, Terence McKegney instituted an action in the Supreme Court of New York against the Illinois Surety Company for damages arising out of a contract entered into by the surety company while it was domiciled and doing business in the State of New York. Judgment was rendered for the defendant. Upon appeal to the Appellate Division of the Supreme Court of that State the judgment was reversed and the cause remanded for another trial. Subsequently, on April 19, 1916, upon a bill by a majority of the stockholders of the surety company alleging insolvency and praying for the appointment of a receiver and the dissolution of the company, the superior court of Cook county, Illinois, appointed James S. Hopkins receiver of the company's property, with the power, among others, to collect and conserve its assets, to prosecute and defend suits either in the company's or in his own name and to appoint attorneys for those purposes.

The second trial of McKegney's suit began in the Supreme Court of New York on November 21, 1916, and also resulted in a judgment for the defendant. A second appeal was prosecuted to the Appellate Division and again the judgment was reversed and the cause remanded. The same attorneys represented the surety company in both trials, but in the second they acted under the direction of the receiver appointed by the superior court of Cook county.

On March 1, 1917, the superior court entered an order directing the creditors of the surety company to file their claims with the receiver on or before September 1, 1917. Pursuant to this order McKegney on August 30, 1917, filed with the receiver his verified statement of claim for $22,000,

with interest from February 15, 1913. In his statement he set forth the pendency of the suit in the Supreme Court of New York and expressly reserved the right to prosecute that suit. On January 15, 1918, the receiver submitted to the superior court his report upon the claims that had been filed with him. Later, on January 30, 1918, the superior court, by order, referred certain of these claims, including McKegney's, to a master in chancery to take evidence upon them and to report his conclusions thereon. By a second order entered on the same day the superior court prohibited the receiver from making any additional expenditures in the defense of suits pending in foreign jurisdictions against the surety company or against that company and its receiver, and directed him to give notice of the order by mail to all claimants in such suits or their attorneys. It was further ordered that all such claimants who failed to file their claims with the master within a fixed time should not participate in any dividends arising out of the assets of the surety company in the possession of the receiver. A copy of the order was mailed to McKegney within ten days after it was entered. The receiver, in addition, notified McKegney and his attorneys that in compliance with the order no further defense would be made to his suit in the Supreme Court of New York. The case was called for trial in that court on March 6, 1918, at which time the surety company's attorneys also notified McKegney and his attorneys of the order of January 30, 1918. Pursuant to that order the attorneys for the surety company withdrew from the case. Notwithstanding the order and notice the Supreme Court of New York directed that the trial proceed. No defense was made to the suit, and on March 9, 1918, a verdict for $15,464.50 in favor of McKegney followed, upon which judgment was rendered against the surety company.

At the first hearing before the master in chancery of the superior court on May 3, 1918, McKegney filed an amended and supplemental affidavit of claim, in which he averred his

recovery, with the knowledge of the receiver, of the judgment in the Supreme Court of New York, and that there was due him the amount of the judgment, with interest at five per cent per annum from the date of its rendition. To this affidavit an exemplified copy of the judgment roll was attached. At a subsequent hearing before the master on May 21, 1918, McKegney offered the exemplified copy in evidence, but upon the receiver's objection it was excluded on the ground that McKegney had not complied with the order of January 30, 1918. On May 27, 1918, McKegney moved that he be allowed to submit proofs of his claim upon the merits, but on June 1, 1918, the master ruled that the motion would only be granted upon the condition that the judgment rendered by the Supreme Court of New York be vacated. At a later hearing, on April 9, 1919, McKegney refused to vacate the judgment, and his motion was denied and his claim disallowed. He filed objections to the master's report. The master sustained the objections, found that the judgment was binding upon the receiver, amended his report accordingly, and recommended the allowance of the claim in the amount of the judgment. Objections by the receiver to the amended report followed. These objections were overruled and the amended report came on for hearing before the chancellor upon exceptions by the receiver. The exceptions were sustained, and on November 15, 1922, a decree was entered disallowing the claim and giving McKegney fifteen days within which to adduce proofs before the master in support of his claim upon its merits. McKegney refused to proceed before the master but prosecuted an appeal to the Appellate Court for the First District. That court reversed the decree of the superior court and remanded the cause with directions to allow the claim, with interest at five per cent per annum from the date of the judgment rendered by the Supreme Court of New York. A petition for *certiorari* was allowed by this court and the case is here.

The question to be determined is whether a court of this State, in administering the assets of an insolvent corporation through its receiver, must give effect to a judgment rendered against the corporation by a court of another State in an action commenced prior to the appointment of the receiver but prosecuted to judgment after such appointment and after the court appointing the receiver had directed him to discontinue the defense of all suits in foreign jurisdictions, and had made a general order, of which due notice was given, that all claimants who had actions pending against the corporation in other States should within a certain time file their claims with, and establish them before, the master in chancery designated by the court which appointed the receiver. May the claimant under such circumstances establish his claim by proof of the judgment, or has the court in possession of the insolvent corporation's assets through its receiver the power to require proof of the claim upon its merits, regardless of the judgment?

A court exercising equity jurisdiction, in appointing a receiver of the property of a corporation, holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. (*Evans* v. *Illinois Surety Co.* 298 Ill. 101; *Porter* v. *Sabin,* 149 U. S. 473; *Thompson* v. *Phenix Ins. Co.* 136 id. 287; *Union Bank* v. *Kansas City Bank,* 136 id. 223; *Booth* v. *Clark,* 17 How. 322; *Peale* v. *Phipps,* 14 id. 369; *Wiswall* v. *Sampson,* 14 id. 52.) It is for the court which has taken the assets of an insolvent corporation into its hands for distribution, and for that court alone, to determine who its creditors are and the amounts of their respective claims. (*Attorney General* v. *American Legion of Honor,* 196 Mass. 151.) The court which appointed the receiver is the court to decide whether it will itself adjudicate upon claims against the receiver or will allow them to be litigated elsewhere. It may permit suits upon such claims in foreign jurisdictions or reserve their determination to

itself. But no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him. *Mulcahey* v. *Strauss,* 151 Ill. 70; *Shedd* v. *Seefeld,* 230 id. 118; *Porter* v. *Sabin, supra; Texas and Pacific Railway* v. *Cox,* 145 U. S. 593; *Barton* v. *Barbour,* 104 id. 126.

The superior court of Cook county, through its receiver, took possession of the assets of the surety company for the purpose of distributing them among its creditors and of closing the company's affairs. The appointment of the receiver did not necessarily abate pending actions against the surety company. If the plaintiff in such an action desired a judgment against the company for some purpose other than the right to share in the assets held by the receiver he might proceed. If, however, his sole object was to establish that right, further prosecution of his suit against the company would not avail him. To assert the right to share in those assets he was required to prove his claim in the court which appointed the receiver, or to obtain from that court an order that the judgment recovered in the action in the foreign court would establish that right. McKegney did neither. He recovered a judgment by default against the surety company in a foreign jurisdiction after the appointment of the receiver. That judgment bound only the company and not the receiver of its assets. (*Attorney General* v. *American Legion of Honor, supra.*) Hence McKegney could not, merely by proof of that judgment, establish his claim against the assets in the receiver's hands.

But it is argued by McKegney that in the second trial of his action in the Supreme Court of New York the attorneys for the defendant, the surety company, acted under the direction of the receiver appointed by the superior court of Cook county, and that the receiver was for that reason bound by the judgment rendered on the third trial. Nearly a month before that trial occurred McKegney and his attorneys were notified of the order entered by the superior court

on January 30, 1918, which prohibited the receiver from participating in or incurring any expense for the defense of suits in foreign jurisdictions. When the case was called for trial the third time the surety company's counsel again notified McKegney and his attorneys of that order. The receiver's connection with the litigation had ended before McKegney, notwithstanding the superior court's order and the repeated notices of it given to him, obtained judgment by default upon the third trial. McKegney prosecuted his suit to judgment with full knowledge and in violation of the order of the superior court. The default judgment was rendered, not against the receiver but against the surety company, the original defendant in the action. The receiver was not substituted for the surety company nor was he ever made a party to the suit. He could not have become a party to an action in a foreign jurisdiction without the express authority of the court which appointed him. Not only was such authority lacking, but by the order of the appointing court, entered more than a month before the recovery of the default judgment by McKegney, the receiver was prohibited from taking any part in such actions. The receiver's direction of counsel for the defendant in the second trial, which resulted in no recovery and which occurred prior to the prohibitory order, did not operate to make him a party to, or to substitute him in, the action as the representative of the surety company. The subsequent recovery of the default judgment against the company did not bind either the receiver or the property in his possession. In *Pendleton* v. *Russell,* 144 U. S. 640, a judgment was rendered in the circuit court of the United States for the western district of Tennessee against a life insurance company organized in New York. A writ of error was sued out of the Supreme Court of the United States to review the judgment. The company gave a *supersedeas* bond, and to indemnify the sureties thereon mortgaged some of its property. While the writ of error was pending, proceed-

ings were conducted in the courts of New York under the direction of the Attorney General of that State which resulted in the dissolution of the insurance company and the appointment of a receiver of its property. The receiver, by direction of the court which appointed him, prosecuted the writ of error in order to obtain a reversal of the judgment and to release the property mortgaged to the sureties upon the *supersedeas* bond. The judgment of the circuit court of the United States was reversed and the cause was remanded to that court. A new trial followed without summoning the receiver, who did not appear, and judgment was again obtained against the insurance company. This judgment was filed in the proceedings in New York as a claim against the assets of the company in the hands of the receiver, but the claim was disallowed by the Court of Appeals of that State. The Supreme Court of the United States held, among other things, that the appearance of the receiver before it for the purpose of securing a reversal of the judgment rendered in the trial court and the release of the mortgaged property did not, under the circumstances, operate to make him a party to the proceeding or to bind either himself or the assets in his hands. In that case, as in the case at bar, another judgment was rendered after the receiver's connection with the litigation had terminated.

Finally, it is argued that the provision of the Federal constitution which requires that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State governs the instant case. McKegney did not recover the judgment against the receiver but against the surety company itself. From the inception to the termination of the action the surety company was the sole party defendant. The receiver took no part in the trial which resulted in the judgment by default and was in no way bound by that judgment. So far as McKegney and the surety company are concerned, the judgment is entitled to full faith and credit under the constitu-

tion of the United States, but the constitutional provision has no application to the receiver, who was not a party to the action nor bound by the judgment.

The judgment of the Appellate Court is reversed and the decree of the superior court is affirmed.

> *Judgment of Appellate Court reversed.*
> *Decree of superior court affirmed.*