HATCH v. MOROSCO HOLDING CO., Inc. Appeal of MARGOLIES.

Circuit Court of Appeals, Second Circuit. May 9, 1927.

No. 175.

1. Receivers ⬅️149—Court appointing receiver has jurisdiction of assets, so far as persons participating therein are concerned.

Judicial appointment of a receiver for an insolvent corporation draws to the jurisdiction of the appointing court the control of its assets, so far as persons having claims to participate therein are concerned, and such persons must go into that court to prove their demands and receive their share of the estate.

2. Receivers ⬅️151—Allowing claim in receivership proceedings is adjudication of existence and amount of indebtedness, and equivalent to judgment in personam.

Allowance of a claim in receivership proceedings is an adjudication of existence and amount of indebtedness owing to claimant at time of receivership, and is equivalent to a judgment in personam against debtor, particularly so when claim is liquidated in another court by consent of receivership court.

3. Receivers ⬅️151—Determining time and manner of payment out of receivership assets is in nature of decree in rem, and equivalent to execution.

Determination of time and manner in which payment out of receivership assets shall be made to creditor after allowance of claim is in its nature a decree in rem, and is equivalent to execution against assets to satisfy the judgment in personam arising by reason of allowance of claim.

4. Courts ⬅️508(2)—State suit affecting property taken under federal receivership will be stayed, but may go on concurrently, if seeking only judgment in personam.

If suit in state court seeks to establish a lien on, or affect possession of, property previously taken by federal court under receivership, the state suit will be stayed; however, if state suit seeks only judgment in personam, the two may go on concurrently.

**5. Judgment ⟐828(3)—Federal receivership court must give effect to state court judgment against insolvent to extent that it determines existence and amount of indebtedness (Judicial Code, § 265 [Comp. St. § 1242]; Comp. St. § 1519).**

Federal receivership court must give effect to state court judgment against insolvent, to extent that it determines the existence and amount of indebtedness, in view of Judicial Code, § 265 (Comp. St. § 1242), and judgment roll is entitled to same credence as federal courts are required to give to state judgment in other suits, under Rev. St. § 905 (Comp. St. § 1519), though creditor must secure from federal court order entitling him to share in assets, if any remain undistributed.

**6. Receivers ⟐110—Equity court may administer property of receivership without regard to creditors whose claims were not proved and allowed.**

Equity court having charge of receivership may administer property within its control, without regard to creditors whose claims have not been proved and allowed by it.

**7. Receivers ⟐163—Receivership court determines allowance of interest on claims sharing in receivership assets.**

The date to which interest is to be allowed on claims of creditors sharing in receivership assets is a mattter to be settled by the receivership court.

Hough, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Creditors' bill by Robert L. Hatch against the Morosco Holding Company, Incorporated, wherein Edward Margolies filed a claim. From an order disallowing the claim, claimant appeals. Reversed and remanded.

See, also, 296 F. 516.

Nathan Burkan, of New York City, for appellant.

F. Wright Moxley, of New York City, for appellee receiver.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

SWAN, Circuit Judge. For an understanding of the problems presented by this appeal it is necessary to state with some detail the preceding steps in this protracted litigation.

In May, 1923, appellant brought suit on a contract against the Morosco Holding Company, a Delaware corporation, in the Supreme Court of Queens County, New York. The defendant appeared, and, the issues having been joined, the case was in June noticed for trial at the term to be held in October, 1923.

In July, 1923, a creditors' bill was filed by Robert L. Hatch against Morosco Holding Company in the District Court for the Southern District of New York. A receiver was appointed, and thereafter orders were entered restraining the prosecution of suits against the defendant and directing creditors to file their claims with the receiver. Copies of these orders were served on appellant, and his suit in the state court was stayed.

In February, 1924, appellant petitioned the District Court for leave to prosecute his suit in the state court. From an order denying his petition, an appeal was taken to this court which reversed the order as being in violation of section 265 of the Judicial Code (Comp. St. § 1242). The opinion appears in 5 F.(2d) 1015, and concludes as follows:

"A direction will, however, be included in our mandate, and in the order to be entered thereupon, that should any judgment be entered in said action in the state court, such judgment shall not be taken to be a liquidation of any claim filed or capable of being filed under the judgment creditors' bill herein, or as in any way affecting the right of the receiver to contest the claim so reduced to judgment de novo. Nothing, however, in our mandate shall be taken to prevent the court below permitting liquidation of Margolies' claim by suit in the state court, should it prefer so to do."

After the mandate was issued, the appellant moved in the District Court that the receiver be directed to liquidate appellant's claim in the state suit then pending. This motion was denied. Appellant then caused his state suit to be reinstated upon the trial calendar, and served formal notice thereof upon the receiver and upon the attorney of record for the defendant in said suit. When the case was reached for trial, neither the receiver nor the defendant appeared, and the defendant was defaulted. Proof was made by the appellant, and the state court made findings of fact and of law and entered judgment in his favor for some $55,000 and costs.

After this judgment was obtained, the appellant moved in this court that its mandate be recalled and corrected, so that the receiver be not permitted to try de novo the issues of appellant's claim. This motion was denied.

Immediately thereafter the appellant filed in the receivership proceedings its verified proof of claim. The District Court held that he was not too late, and ordered a hearing to be had before the special master. The appellant, to prove his claim, offered an exemplified copy of the judgment roll, and rested. The receiver stated that he elected to have the claim tried de novo. The master reported with a recommendation that the claim be dismissed on the opinion of this court. The

District Court confirmed the report, and ordered that the appellant's claim be disallowed and dismissed.

The action of the master and of the District Court followed the directions given by this court when the case was formerly before us. Our decision permitted the appellant to litigate his claim in the state court; but we told him, in substance, that the judgment which he might thus obtain would be of no avail to him in the receivership proceedings. The present appeal asks us, in effect, to reconsider this statement as to the limitation upon the effect to be given the state judgment.

[1] It is elementary that the judicial appointment of a receiver for an insolvent corporation draws to the jurisdiction of the appointing court the control of its assets, so far as persons having claims to participate in such assets are concerned, and such persons must go into that court to prove their demands and receive their share of the estate. White v. Ewing, 159 U. S. 36, 39, 15 S. Ct. 1018; 40 L. Ed. 67. But this does not mean that all actions which are pending against the debtor whose property has been taken under receivership must be stayed. The orders of the receivership court which result in a distribution of assets have in reality a two-fold aspect:

[2] First. The court determines the existence and amount of the indebtedness owing to the creditor-claimant at the time when the debtor's property was taken under receivership. Allowance of a claim is an adjudication of this issue, and is equivalent to a judgment in personam against the debtor. This is the more obvious when the claim is liquidated in another court by consent of the receivership court.

[3] Second. The court determines the time and the manner in which payment out of the receivership assets shall be made to the creditor whose claim has been allowed. This is in its nature a decree in rem; it is equivalent to an execution against the assets to satisfy the judgment in personam.

[4] Bearing in mind this two-fold aspect of the receivership, it is easy to classify the federal cases in which injunctions have been granted or refused against maintaining suits in state courts. If the state suit seeks to establish a lien upon, or affect possession of, the property which the federal court had previously taken under receivership, the state suit will be stayed. If, however, the state suit seeks only a judgment in personam, the two may go on concurrently. Oppenheimer v. San Antonio Land, etc., Co., 246 F. 934 (C. C. A. 5); In re Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689; Kline v. Burke Constr.

Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Lion Bonding Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871; Havner v. Hegnes, 269 F. 537 (C. C. A. 8); International & G. N. Ry. Co. v. Adkins (D. C. S. D. Tex.) 14 F.(2d) 149. The prosecution of the pending state suit, seeking only a judgment in personam against the defendant corporation, did not impair the jurisdiction of the federal court, and, as we held on the former appeal, could not be stayed.

[5] The question remains: What effect shall the receivership court give to the state judgment? The judgment creditor must still establish to the satisfaction of the equity court that he is a creditor of the defendant, and he must still secure an order entitling him to share in the assets of the receivership, if any remain undistributed. The question is really one of making proof.

In several cases it has been held that the judgment is conclusive evidence of the existence and amount of the indebtedness. Pine Lake Iron Co. v. La Fayette Car Works (C. C. Ind.) 53 F. 853; Mercantile Trust Co. v. Pittsburgh & W. R. Co. (C. C. W. D. Pa.) 29 F. 732; Pringle v. Woolworth, 90 N. Y. 502; Taylor v. Gray, 59 N. J. Eq. 621, 44 A. 668; St. Louis, etc., Ry. v. Green (Tex. Civ. App.) 183 S. W. 829, 833. The only case which has been found contra is Evans v. Illinois Surety Co., 319 Ill. 105, 149 N. E. 802. This decision was rested upon the authority of cases which hold that, where the receivership proceedings effect a judicial dissolution of the corporation, a subsequent judgment against it has no force. This is not the situation involved here, nor in the other cases above cited. The Illinois decision appears to have confused the two situations, and ignored the recognized distinction between them. The text-writers on the subject have accepted without dissent the doctrine that the judgment is conclusive as to the amount of the debt though not as to the time or mode of payment. Alderson's Beach on Receivers, § 486; High, Injunctions (4th Ed.) § 318; Tardy's Smith on Receivers (2d Ed.) § 29.

A somewhat analogous situation is found in cases construing section 66 of the Judicial Code (Comp. St. § 1048), which gives the right to sue the receiver in respect to his own acts in carrying on business, without previous leave of the equity court—the section concluding with the sentence, "But such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

In Willcox v. Jones, 177 F. 870 (C. C. A.

4), the receiver was sued in a state court by the administratrix of an engineer employed by the receiver. Judgment was obtained, and the judgment creditor then intervened in the receivership suit, asking for payment of the judgment. On the hearing of the intervening petition, the receiver contended that the judgment was not conclusive and that the equity court had power to inquire de novo into the justice of the cause by virtue of the above-quoted proviso of section 66. The court rejected this contention, because to so hold would render useless the suitor's right to sue in another court. The proviso was held to be intended to leave the receivership court in undisputed control of the property with power to adjust equities and priorities between claimants. The court quoted the words of Caldwell, J., in Central Trust Co. v. St. Louis, A. & T. Ry. Co. (C. C. Ark.) 41 F. 551:

"The judgment of the state court is conclusive as to the amount of the debt, but the time and mode of its payment must be controlled by the court appointing the receiver."

See, in accord, Dillingham v. Hawk, 60 F. 494 (C. C. A. 5), 23 L. R. A. 517; Manhattan Trust Co. v. Chicago Elec. Tr. Co. (C. C. Ill.) 188 F. 1006; Am. Brake Shoe Co. v. Pere Marquette R. Co. (D. C.) 263 F. 237; Id. (D. C.) 278 F. 832; Texas & Pac. Ry. Co. v. Johnson, 151 U. S. 81, 103, 14 S. Ct. 250, 38 L. Ed. 81.

We believe that the cases are rightly decided which apply the same rule to a judgment rendered against the debtor whose property was taken into receivership after the state court had acquired jurisdiction of the parties. To say that section 265 of the Judicial Code prevents the receivership court from staying the state suit, but that it may, nevertheless, litigate de novo the very issues decided by the state court, makes of very little value the privilege which that section confers on suitors to continue pending actions. It would be giving the empty shell, but retaining the kernel. The federal courts will not entertain the suggestion that their receivers will not obtain justice in the state courts. No end would be served by trying the claim de novo. Since the appellant was entitled to prosecute his suit, we believe that the judgment roll is entitled to the same credence as federal courts are required to give state judgments in other suits. Rev. Stat. § 905 (Comp. St. § 1519); Galpin v. Page, Fed. Cas. No. 5,206.

[6] The right of a creditor to continue a pending suit in a state court, and to use the judgment in the receivership as conclusive of the fact and amount of indebtedness, will probably not be availed of with great frequency, because of the danger that delay in securing the judgment may cause the claimant to be too late to share in the distribution under the receivership. The equity court may, of course, administer the property within its control, without regard to creditors whose claims have not been proved and allowed by it. See Penn. Steel Co. v. N. Y. City Ry. Co., 229 F. 120 (C. C. A. 2).

[7] While the judgment roll is conclusive as to the amount found owing to the appellant by the defendant corporation on June 10, 1923, the judgment allows interest from that date until the date of its entry. The date to which interest is to be allowed on claims of creditors sharing in the receivership assets is a matter to be settled by the receivership court. Thomas v. Western Car Co., 149 U. S. 95, 13 S. Ct. 824, 37 L. Ed. 663. The appellant should fare no better in respect to interest by reason of his judgment than he would were his claim proved by other evidence. The proper rebate of interest in favor of the receiver may be made upon the allowance of appellant's claim. Taylor v. Gray, supra. As to costs, see Pine Lake Iron Co. v. La Fayette Car Works, supra.

For the reasons above stated, we believe the direction in our former mandate to the effect that any judgment which the appellant might obtain in his action in the state court should not affect the right of the receiver to contest the claim de novo was improvidently made. The order of the District Court is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.

NOTE.—The late Circuit Judge HOUGH did not see this opinion. He dissented from the conclusion, and thought the order should be affirmed.