## DURANT v. SAVIN REALTY CORPORATION.

District Court, E. D. New York. February 1, 1929.

No. 2940.

Abraham J. Halprin, of New York City, for plaintiff.

Weissberger & Leichter, of New York City (John L. Ketcham, of New York City, of counsel), for claimant.

Reuben L. Haskell, of Brooklyn, N. Y., for receiver.

Edw. I. Wechsler, of New York City, for Atlantic State Bank.

INCH, District Judge. This is a motion for leave to file a claim against the defendant nunc pro tunc as of the 28th day of March, 1928.

The claim, like that of Hochhauser, recently passed upon, has a background of work actually done and materials furnished by claimant on and to the premises St. Marks Garden. This property is one, and possibly the main source from which the receiver expects to derive some money with which to pay the creditors of the defendant corporation. The corporation is plainly but the incorporated hands and purses of Leder and Levine. In other words, whatever is so recovered by the receiver has, to some extent at least, been made possible by this work and material furnished by the claimant.

Apparently substantially similar claims have been duly filed and allowed in this case. Because the particular claim now before me has not been promptly filed, which is the main objection, it is proposed that this claimant be left out and receive no dividend if any is declared. There has been no distribution of any kind of the estate. To be sure, if this result should happen, it would be largely claimant's own fault, for he has delayed, and is fortunate that there has been no such distribution.

It appears, however, that no notice was sent to him for the reason that he apparently did not appear as a creditor, although there is indication that all the parties interested, including the receiver, may have had some reason to believe that he was, or might be, a creditor. It is also claimed that the published notice, pursuant to the order, although in due form and duly published, may not have been as generally known as claimant and his attorney in Manhattan might have desired.

That claimant knew generally about the

receivership, and had all the notice required by the court's order, is apparent; but these facts are not an insuperable objection.

When a claimant seeks to come in after a time limit, fixed by such an order, leave to come in should not be granted as a matter of course, but each such application should be carefully considered, and its merits weighed, else the order becomes of little value.

I have already indicated the apparent merit of the claim, and on its face the claim seems to be a valid one, and as I have said, there has yet been no distribution of any kind of the assets. I do not see what harm can properly and reasonably come to the estate by allowing claimant to have his day, and prove or attempt to prove this claim.

The general statement as to the effect of a limiting order, and representing the rule which is usually enforced, is as stated by Judge Lacombe in Pennsylvania Steel Co. v. N. Y. City R. Co. (C. C.) 187 F. 287, where he says: "It is usual to require notice of claims to be filed within some reasonable time, and that this has been done in this case; and persons who do not file such claims are precluded from sharing in the distribution."

But this statement must be read in the light of subsequent statements by the same court, and particularly where Ward, J., in Pennsylvania Steel Co. v. N. Y. C. R. Co. (C. C. A.) 229 F. 120, says: "The petitioner has never filed a claim in this proceeding, nor even asked permission to do so. He has selected another and different forum in which to assert his rights. In this proceeding he is an entire stranger, and has no standing to ask that the winding up of the estate be delayed to await the outcome of his suit in the State Court. Even if he had a standing, the disposition of his petition by the court below was a matter of discretion which is not appealable unless the discretion was abused."

Mere lapse of time does not create laches, and the explanation given in the moving papers is some explanation which, when taken with all the other circumstances, seems to me not to make this request an unreasonable one. While it might not be an abuse of discretion to deny this petition, it does not seem to me to be fair to do so, if what is claimed by claimant is true. Authority for allowing such a claim to come in is not wanting. Pennsylvania Steel Co. v. N. Y. City R. Co. (D. C.) 201 F. 781. In that case some claims were rejected after the time limit, because of gross delay, and some allowed on proper explanation. Also see Foster's Federal Practice (6th Ed.) vol. 2, §§ 320–387; New Eng-land R. Co. v. Carnegie Steel Co. (C. C. A.) 75 F. 54; Pennsylvania Steel Co. v. N. Y. City R. Co. (C. C.) 176 F. 469; Spiller v. St. Louis, etc., Co. (C. C. A.) 14 F.(2d) 284; Hatch v. Morosco Co. (C. C. A.) 19 F.(2d) 766.

For the reasons above stated, motion is granted. Settle order on notice.